IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE LOVETT, <br> # R08116, <br><br> Plaintiff, <br><br> vs. <br><br> CRAIG A. FOSTER, <br> DR. ATUWAPE, <br> JANE DOE, and <br> JOHN DOE, <br><br> Defendants. | Case No. 18-cv-127-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Terrance Lovett, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, when he was incarcerated at Vandalia Correctional Center ("Vandalia"), Defendants were deliberately indifferent to the injuries he sustained on February 8, 2016, when he was assaulted by another inmate, resulting in multiple facial fractures. In connection with these claims, Plaintiff sues Craig A. Foster (Warden, Vandalia), Dr. Atuwape (Medical Doctor), Jane Doe (Nurse, Vandalia), and John Doe (Correctional Officer, Segregation Housing Unit, Vandalia). Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

On February 8, 2016, Plaintiff was assaulted by another inmate. (Doc. 1, p. 5). Plaintiff was kicked in the face, resulting in multiple fractures and leaving Plaintiff nearly unconscious. Plaintiff was taken to the healthcare unit where he was examined by "several members of the nursing staff" and "the doctor." *Id.* After being examined, Plaintiff was transported to the Fayette County Hospital. *Id.* Additional testing was performed, and Plaintiff was returned to Vandalia without receiving any additional treatment. *Id.*

Upon returning to Vandalia, Plaintiff was placed in the infirmary. *Id.* After two days and three nights in the infirmary, he was taken to segregation. *Id.* Plaintiff's placement in segregation was the result of Plaintiff being charged with fighting in connection with the assault on February 8, 2016. *Id.* Plaintiff remained in segregation for two weeks. *Id.* During this time, he complained about being in pain, but he was only given Ibuprofen. *Id.*

Plaintiff was released from segregation and placed in the general population for a few days before being returned to segregation. *Id.* Plaintiff continued to complain that he was in a considerable amount of pain and in need of medical attention. *Id.* According to the Complaint, Plaintiff visited the healthcare unit several times, but no specifics are provided regarding what type of care he received and who provided that care. *Id.* After several weeks, Plaintiff was examined by Dr. Swanson, a private physician in Effingham, Illinois. *Id.* Dr. Swanson told Plaintiff he was suffering from multiple facial fractures that should have been treated much sooner. *Id.*

On March 8, 2016, Plaintiff underwent a procedure to correct his injuries. (Doc. 1, p. 6). Plaintiff was surgically fitted with a metal/titanium plate under the skin and over the fractured bones in his face. *Id.* The plate was secured in place with metal screws that will remain for the rest of Plaintiff's life. *Id.*

Plaintiff contends that Vandalia "medical staff" and "security staff" are subject to liability for failing to properly treat his injuries and/or for the delay in treatment. *Id.*

## **Discussion**

Plaintiff's allegations suggest that he is attempting to assert one or more Eighth Amendment claims for deliberate indifference to a serious medical need. Unfortunately, however, Plaintiff does not provide enough information to allow the Court to determine who was

personally involved in the alleged constitutional violation or violations. Indeed, none of the Defendants are even mentioned in the body of the Complaint.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S .C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir.1992). Section 1983 does not create collective or vicarious responsibility. *Id*.

If Plaintiff wants to pursue a claim or claims regarding inadequate medical care, he must file an amended complaint. The amended complaint should identify who denied Plaintiff medical care and/or who provided Plaintiff with inadequate treatment. For instance, if Dr. Atuwape examined Plaintiff and failed to treat his injuries or pain, Plaintiff should explain, in the body of the amended complaint, what Dr. Atuwape did or failed to do. Allegations about "medical staff" or "security staff" are insufficient. In his amended complaint, if known, Plaintiff should identify these individuals by name and describe how they were involved in his medical treatment. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation, e.g., John Doe (correctional officer that Plaintiff complained to about pain), Jane Doe (nurse who provided Ibuprofen). Finally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

**Motion for Recruitment of Counsel**

Plaintiff also has filed a Motion for Recruitment of Counsel. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the

district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

As to the first question, Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own. As to the second question, Plaintiff indicates that he has some high school education and has little legal knowledge. The Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. The Complaint demonstrates Plaintiff is capable of constructing coherent sentences and organizing his claims into a cohesive pleading. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to identify the individuals who allegedly denied him medical care and describe their actions. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time, and the motion (Doc. 3) is **DENIED**. The Court will remain open to the appointment of counsel in the future.

Plaintiff also has filed a Motion for Service of Process at Government Expense. The Motion (Doc. 4) is **DENIED** as unnecessary. Plaintiff is a prisoner who has been granted permission to proceed in this action as a poor person. Accordingly, the Court will order service as a matter of course upon all defendants who remain in this action if and when Plaintiff's amended complaint survives preliminary review.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 23, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 18-cv-127-NJR).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 16, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**