# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE LOVETT, ) <br> # R08116, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CRAIG A. FOSTER, ) <br> DR. ATUWAPE, ) <br> JANE DOE, and ) <br> JOHN DOE, ) <br> ) <br>     Defendants. ) | Case No. 18-cv-127-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Terrance Lovett, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, when he was incarcerated at Vandalia Correctional Center ("Vandalia"), Defendants were deliberately indifferent to the injuries he sustained on February 8, 2016, when he was assaulted by another inmate, resulting in multiple facial fractures. In connection with these claims, Plaintiff sues Craig A. Foster (Prior Warden, Vandalia), Dr. Atuwape (Medical Doctor, Vandalia), Jane Doe (Nurse, Vandalia), and John Doe (Correctional Officer, Segregation Housing Unit, 11:00 pm to 7:00 am Shift, Vandalia). Plaintiff seeks monetary damages.

The original Complaint (Doc. 1) did not survive preliminary review, and the First Amended Complaint (Doc. 9) is now before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

On February 8, 2016, Plaintiff was assaulted by another inmate. (Doc. 9, p. 3). Plaintiff was kicked in the face, resulting in multiple fractures and leaving Plaintiff nearly unconscious. *Id.* Plaintiff was taken to the healthcare unit where he was examined by "several members of the nursing staff" and Dr. Atuwape. *Id.* After being examined, Plaintiff was transported to the Fayette County Hospital. *Id.* Plaintiff did not receive any treatment at Fayette County Hospital. *Id.* Instead, a CT scan was performed, and Plaintiff was returned to Vandalia with a copy of his test results (to be reviewed by "the doctor at Vandalia"). *Id.* After returning to Vandalia, Plaintiff was placed in the infirmary, where he remained for two days and three nights. *Id.* Plaintiff was then transferred to disciplinary segregation. *Id.* Plaintiff was in disciplinary segregation for two weeks. *Id.* During this time, Plaintiff complained about his painful injuries, but he only received Ibuprofen.

Plaintiff was released to the general population for a brief period and then returned to segregation on investigative status. *Id.* Plaintiff claims that his facial injuries were "obvious" and that he repeatedly complained about pain. *Id*. One or more unidentified correctional officers commented that Plaintiff looked like he had a broken jaw, and another correctional officer opined that Plaintiff should be transferred to the infirmary (it is unclear whether any of the referenced correctional officers is the John Doe correctional officer identified as a defendant). (Doc. 9, p. 4).

Although Plaintiff occasionally received Ibuprofen for his pain, various unidentified nurses often denied Plaintiff's requests for pain medication. (Doc. 9, p. 3). According to Plaintiff, he complained to Jane Doe (a nurse) about his injuries and associated pain. *Id.* Jane Doe told Plaintiff she could not do anything. (Doc. 9, p. 4). She also said she was only obligated to give Plaintiff Ibuprofen as she felt was appropriate. *Id.*

Dr. Atuwape saw Plaintiff several times while he was in segregation. *Id.* Plaintiff told Dr. Atuwape he was suffering from severe pain and discomfort in the left side of his face. *Id.* He also told him his facial injuries were interfering with his ability to eat and sleep. *Id.* Dr. Atuwape told Plaintiff nothing could be done unless and until the administration authorized a medical furlough. *Id.*

Plaintiff also saw Warden Foster several times while he was in segregation. (Doc. 9, p. 5). Warden Foster observed Plaintiff's injuries, and Plaintiff repeatedly complained to him (both in person and in writing) about his severe pain. *Id.* Warden Foster told Plaintiff he could not do anything and said it was up to the medical staff to treat his injuries. *Id.* He also told Plaintiff he would "look into it." *Id.*

Finally, Plaintiff contends that John Doe (a correctional officer) subjected him to cruel and unusual punishment while he was in segregation. (Doc. 1, p. 6). According to Plaintiff, John Doe regularly opened the windows in the segregation unit to punish inmates for being too loud. At the

time,[1] it was extremely cold outside, and John Doe would leave the windows open all night long. *Id.* Plaintiff told John Doe that he was suffering from severe facial injuries and said the cold temperatures worsened the pain associated with those injuries. *Id.* John Doe ignored Plaintiff's complaints and continued his "routine" of opening the windows, repeatedly exposing Plaintiff to cold temperatures. *Id.* Plaintiff claims the cold temperatures made his facial injuries "unbearable," as he was unable to sleep, eat, or even speak. *Id*.

Plaintiff went without treatment for approximately one month. (Doc. 9, p. 5). Eventually, Plaintiff was taken to an outside surgeon, identified as Dr. Swanson. *Id.* Dr. Swanson determined Plaintiff had orbital, nasal, and cheek bone fractures. *Id.* Dr. Swanson told Plaintiff he "had multiple facial fractures and should have been treated sooner." *Id.* On March 8, 2016, Plaintiff underwent a surgical procedure and was fitted with a metal/titanium plate under the skin and above the fractured bones in the left side of his face. *Id.* According to the First Amended Complaint, the procedure was necessary due to the delay in treatment. *Id.* Dr. Swanson was concerned the procedure would not be successful because Plaintiff's bones had already begun to "callus and heal over." *Id.* He also thought he might have to re-fracture some of the injuries. *Id.*

## MERITS REVIEW UNDER § 1915(A)

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

> **Count 1:** Eighth Amendment claim against Foster, Atuwape, and Jane Doe for exhibiting deliberate indifference to Plaintiff's serious medical condition (facial fractures and associated pain) in February and/or March 2016.

---

[1] The relevant time period is February and March 2016.

4

**Count 2:** Eighth Amendment claim against John Doe for repeatedly exposing Plaintiff to cold temperatures, knowing the cold temperatures exacerbated Plaintiff's facial injuries.

*Count 1*

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). In addition, the "deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation." *Brown v. Darnold*, 505 F. App'x. 584 (7th Cir. 2013) (citing *Gil v. Reed*, 381 F.3d 649, 661-62 (7th Cir. 2004)).

Plaintiff's multiple facial fractures and associated pain constitute an objectively serious medical condition. The First Amended Complaint also sufficiently alleges that that Dr. Atuwape and Jane Doe responded with deliberate indifference to that condition. Following the assault on February 8, 2016, Plaintiff suffered from multiple facial fractures. The First Amended Complaint suggests that the facial fractures were visible to non-medical officials (correctional officers commented that Plaintiff's jaw appeared to be broken and that Plaintiff should be in the infirmary). Both Jane Doe and Dr. Atuwape observed Plaintiff's injuries during this time, and Plaintiff complained to both Defendants about his injuries and severe pain. Additionally, Dr. Atuwape appears to have had access

to the CT scan of Plaintiff's injuries, which likely would have revealed that he was suffering from facial fractures. Nonetheless, Plaintiff did not receive meaningful treatment for his injuries until March 2016. Additionally, the First Amended Complaint indicates that Jane Doe and Dr. Atuwape may have failed to treat Plaintiff's pain. This is sufficient, at the pleading stage, to allow Count 1 to proceed as to Jane Doe and Dr. Atuwape.

Plaintiff also sufficiently alleges deliberate indifference as to Warden Foster. Although Warden Foster is not a medical provider, his alleged failure to take action on Plaintiff's behalf, after Plaintiff brought complaints to his attention, sufficiently suggests deliberate indifference at this early stage. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences"). Accordingly, Count 1 shall also proceed as to Warden Foster.

*Count 2*

Prison officials violate the Eighth Amendment when they respond with deliberate indifference to conditions that deny inmates "the minimal civilized measure of life's necessities" and thus create an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Constitution "does not mandate comfortable prisons," but it does require inmates to be housed under "humane conditions" and provided with "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832.

According to the First Amended Complaint, John Doe routinely opened the windows in the segregation unit (throughout February and/or March 2016), exposing Plaintiff to extremely cold temperatures all night long. John Doe continued his routine, even though he was aware of Plaintiff's facial injuries and of Plaintiff's claims that the extremely cold temperatures made his injuries unbearable. This is sufficient, at the screening stage, to allow Count 2 to proceed as to John Doe. *See*

*Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) ("conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.' ") (citing *Wilson v. Seiter*, 501 U.S. 294, 304, 111 S.Ct. 2321 (1991)).

### IDENTIFICATION OF UNKNOWN DEFENDANTS

Plaintiff will be allowed to proceed against the unknown defendants (John Doe and Jane Doe). But these individuals must be identified with particularity before service of the Complaint can be made on them. Also, where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

For that reason, Vandalia's current warden, Stephanie Waggoner, in her official capacity, shall be added to the docket for the purpose of responding to discovery (informal or formal) aimed at identifying the unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of each unknown defendant is discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### DISPOSITION

The Clerk of the Court is **DIRECTED** to add **STEPHANIE WAGGONER** (official capacity only) as a defendant in order to respond to discovery aimed at identifying the unknown defendants.

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **ATUWAPE, JANE DOE,** and **FOSTER**, and that **COUNT 2** shall **PROCEED** against **JOHN DOE.**

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare

for **ATUWAPE, FOSTER,** and **WAGGONER** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 14, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**